# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANIELLE SUDDUTH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. _____ |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ARCHER PROPERTIES, L.L.L.P., and ) | |
| CHARLES D. MENSER, JR. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Danielle Sudduth ("Ms. Sudduth" or "Plaintiff") hereby files her Complaint against Defendants Archer Properties, L.L.L.P. ("Defendant Archer Properties") and Defendant Charles D. Menser, Jr. ("Defendant Menser," collectively "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FSLA").

## INTRODUCTION

1. From December 2008 through October 3, 2016, Ms. Sudduth was employed by Defendants as a bookkeeper and administrative office assistant. Since at least October 2013, Defendants systematically violated the FLSA by failing to pay Ms. Sudduth time and one-half of her regular hourly rate for all hours worked

over the maximum allowed under 29 U.S.C. § 207.

## JURISDICTION AND VENUE

2. Ms. Sudduth's FLSA claim presents federal questions over which the Court has jurisdiction, pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all of the unlawful actions and practices alleged herein were committed within the Northern District of Georgia, Atlanta Division.

## PARTIES

4. Ms. Sudduth is a citizen of the State of Georgia and a resident of Douglas County, Georgia. She submits herself to the jurisdiction of this Court.

5. Defendant Archer Properties is a domestic limited partnership having its principal office in Atlanta, Georgia. Defendant Archer Properties may be served by delivering a summons and copy of the Complaint to its registered agent Charles D. Menser, Jr. at 2255 Cumberland Parkway, B1600, Suite 150, Atlanta, Georgia 30339.

6. Defendant Menser is a citizen of the State of Georgia and a resident of Cobb County, Georgia. Defendant Menser may be served by delivering a summons and copy of the Complaint to Defendant Menser at the Archer Properties, L.L.L.P. offices at 2255 Cumberland Parkway, B1600, Suite 150, Atlanta, Georgia 30339

and/or at his residence, located at 4102 Brookview Drive, SE, Atlanta, Georgia 30339.

## FACTS COMMON TO ALL COUNTS

7. Ms. Sudduth became employed by Defendants on or about December 2008 and worked for Defendants as a bookkeeper and administrative office assistant until approximately October 3, 2016.

8. At all relevant times, Ms. Sudduth, was an employee of Defendants within the meaning of the FLSA

9. At all relevant times, Defendant Archer Properties was an employer as defined by 29 U.S.C. § 203(d).

10. At all relevant times, Ms. Sudduth fulfilled the duties of a bookkeeper and administrative office assistant.

11. At all relevant times, Defendant Menser owned and/or operated Defendant Archer Properties, where Ms. Sudduth was employed.

12. Defendant Menser hired Plaintiff; and, on behalf of Defendant Archer Properties, Defendant Menser oversaw the work product of Plaintiff on a daily basis.

13. Defendant Menser had the authority to terminate Ms. Sudduth's employment and discipline Ms. Sudduth.

14. Defendant Menser, at all relevant times, was involved in the day-to-day operations of Defendant Archer Properties and was responsible for the supervision of Ms. Sudduth and her work product.

15. Defendant Menser, at all relevant times, was responsible for properly compensating Ms. Sudduth under the FLSA and/or other wage laws.

16. Defendant Menser, at all relevant times, acted directly in the interests of Defendant Archer Properties in relation to its employees and thus, Defendant Menser, was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C § 203(d).

17. Plaintiff was an employee of Defendants and at all times relevant to the violations of the FLSA and Defendants were engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

18. Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or employed in an enterprise engaged in commerce as defined by 29 U.S.C. §§ 203(r) and 203(s).

19. At all times relevant, Defendants employed employees who regularly were and are engaged in commerce, with Defendants having annual gross volume of business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA. Alternatively, Plaintiff worked in interstate commerce so as to

fall within the protections of the FLSA.

20. According to Defendant Archer Properties' website, Defendant Archer Properties "is a full service real estate company focused on providing superior quality housing and lodging facilities in growth and niche markets that are underdeveloped and underserved." Upon information and belief, Defendant Archer Properties is engaged in the business of developing and redeveloping apartment buildings, student housing and hotel properties throughout the Southeastern region of the United States, including at least Georgia and South Carolina.

21. Defendants have repeatedly failed to pay Ms. Sudduth time and one-half her regular hourly rate of pay for all hours worked over the maximum allowed under 29 U.S.C. § 207, including during evenings, weekends, and holidays, from October 2013 through the date of the filing of this Complaint.

22. At no time has Ms. Sudduth had (nor did she engage in) any responsibilities that satisfy any exemption to FLSA's overtime pay mandate. Ms. Sudduth had no supervisor responsibility, gave no input into the policies or management of Archer Properties, and did not have the authority to hire and fire. Further, Ms. Sudduth did not exercise discretion and independent judgment with respect to matters of significance.

23. With willful disregard of its obligations, Defendants regularly

demanded that Ms. Sudduth be present in the office and perform her tasks as bookkeeper and administrative office assistant in excess of forty (40) hours in one or more weeks and/or regularly telephoned or e-mailed Ms. Sudduth during non-business hours, including weekends and holidays, and demanded that Ms. Sudduth respond to those telephone calls and e-mails upon receipt, without regard to how many hours it would take to complete the requested task or how many hours Ms. Sudduth had already worked.

24. Ms. Sudduth regularly worked in excess of forty (40) hours in one or more work weeks during her employment with Defendants.

25. At all relevant times, Defendants failed to maintain accurate time records of all hours worked by Ms. Sudduth.

## COUNT I
## FAILURE TO PAY OVERTIME
## IN VIOLATION OF FLSA, 29 U.S.C. § 207, 215(a)(2)

26. Ms. Sudduth incorporates by reference all the foregoing paragraphs of this Complaint, as if fully set forth herein.

27. Defendants are governed by and subject to 29 U.S.C. § 207.

28. At all relevant times, Defendants satisfied the standard for an "employer" under the FLSA, as that term is defined by 29 U.S.C. § 203(d).

29. At all relevant times, Ms. Sudduth was an "employee" of Defendants

as that term is defined by 29 U.S.C. § 203(e).

30. At all relevant times, Defendants violated the FLSA by failing to pay Ms. Sudduth one and one-half her regular hourly rate of pay for all hours worked over forty hours in any one workweek, under 29 U.S.C. § 207.

31. At all relevant times, Defendants not only permitted, but demanded that, Ms. Sudduth consistently work more than forty hours in any one workweek without paying Ms. Sudduth the overtime wage differential.

32. Defendants repeatedly violated the provisions of 29 U.S.C. §§ 211(c) and 215(a)(5) and Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

33. Ms. Sudduth is entitled to shift the burden of proof to Defendants with regard to the amount of overtime worked due to the Defendants' violation of 29 U.S.C. §§ 211(c) and 215(a)(5) and Department of Labor regulations at 29 C.F.R. § 516.

34. Defendants' conduct was willful and in bad faith to avoid paying overtime compensation.

35. At all relevant times, Ms. Sudduth spent the entirety of her work time

performing non-exempt work.

36. Ms. Sudduth was not paid for all hours worked during her time at work, including nights, weekends, and holidays.

37. As a result of Defendants' willful disregard of its obligations under the FLSA, Ms. Sudduth is entitled to three (3) years of unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a) That Plaintiff be granted judgment against Defendants, as requested under Count I, in an amount to be proven at trial;

(b) That Plaintiff be granted judgment for unpaid overtime wages, liquidated damages, and prejudgment interest on unpaid wages, in an amount to be proven at trial;

(c) That Plaintiff has and recovers her costs in this action and a reasonable attorneys' fee as provided by law, in an amount to be proven at trial; and

(d) Any and other such further relief that this Court or the Finder of Fact

deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted this _____ day of February, 2017.

**SMITH & LISS, LLC**

/s/ Ray S. Smith III
RAY S. SMITH III
Georgia Bar No. 662555
rsmith@smithliss.com
*Attorney for Plaintiff*

Five Concourse Parkway
Suite 2600
Atlanta, GA 30328
404-760-6006
404-760-0225 (Facsimile)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DANIELLE SUDDUTH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. _____ |
| ) | |
| vi. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ARCHER PROPERTIES, L.L.L.P., and ) | |
| CHARLES D. MENSER, JR. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), Ray S. Smith, III hereby certifies that the foregoing **COMPLAINT** has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This \_\_\_\_\_ day of February, 2017.

/s Ray S. Smith, III
Ray S. Smith, III
Georgia Bar No. 662555
rsmith@smithliss.com
*Attorney for Plaintiff*

Five Concourse Parkway
Suite 2600
Atlanta, Georgia  30328
Telephone 404-760-6000
Facsimile 404-760-0225